**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Candelario CHAVEZ–MARQUEZ,**
**Defendant–Appellant.**

Nos. 94–2285, 95–2004.

United States Court of Appeals,
Tenth Circuit.

Sept. 14, 1995.

Margaret A. Katze, Assistant Federal Public Defender (Tova Indritz, Federal Public Defender, with her on the briefs), Las Cruces, NM, for appellant.

Judith A. Patton, Assistant United States Attorney (John J. Kelly, United States Attorney for the District of New Mexico, with her on the brief), Las Cruces, NM, for appellee.

Before TACHA, SETH, and BALDOCK, Circuit Judges.

TACHA, Circuit Judge.

A jury convicted defendant of possessing with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). Defendant did not file a direct appeal. Defendant then petitioned for relief under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The magistrate held an evidentiary hearing and determined that defendant's claims were meritless with one exception: Counsel was ineffective in failing to file an appeal. He therefore recommended that defendant be allowed to file a direct appeal. The district court adopted the magistrate's findings and conclusions.

Consequently, we are faced with two separate appeals. First, defendant has filed his direct appeal, as allowed by the district court. Second, defendant appeals from the denial of the additional claims of ineffectiveness in his section 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm both decisions.

## I. DIRECT APPEAL

### A.

■ Defendant first argues that the district court should have suppressed the evidence of marijuana because it was made pursuant to an illegal search. In the district court, defendant moved to suppress the evidence because of an "illegal roving patrol." In fact, however, defendant was stopped at a border checkpoint. The district court therefore denied defendant's motion without a hearing. Defendant contends that the district court erred by refusing to hold a suppression hearing.

■ We review the trial court's denial of an evidentiary hearing on a motion to suppress for an abuse of discretion. *United States v. Woods,* 995 F.2d 713, 716 (7th Cir. 1993). "A trial court is required to grant a

suppression hearing only when a defendant presents facts justifying relief. A defendant who requests a hearing bears the burden of showing that there are disputed issues of material fact." *Woods,* 995 F.2d at 715 (citations omitted); *see also United States v. Walczak,* 783 F.2d 852, 857 (9th Cir.1986); *United States v. Migely,* 596 F.2d 511, 513 (1st Cir.), *cert. denied,* 442 U.S. 943, 99 S.Ct. 2887, 61 L.Ed.2d 313 (1979); *Cohen v. United States,* 378 F.2d 751, 760 (9th Cir.), *cert. denied,* 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967). To warrant an evidentiary hearing, the motion to suppress must raise factual allegations that are "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue." *Walczak,* 783 F.2d at 857. Similarly, a hearing is not required when "[s]uppression [is] improper for a reason of law appearing on the face of the motion." *Cohen,* 378 F.2d at 760.

In the instant case, the district court did not abuse its discretion when it denied defendant's motion to suppress without a hearing. Defendant's motion raised no disputed issues of material fact that, if established, would entitle him to relief. Defendant alleged only that his vehicle was stopped in an unconstitutional roving patrol. It was undisputed, however, that defendant was actually stopped in a border patrol checkpoint. Consequently, "suppression [was] improper for a reason of law appearing on the face of the motion," *id.,* and the district court correctly denied the motion without holding a hearing.

■ On appeal, defendant also poses a number of different theories why the district court should have suppressed the evidence. Because these contentions were not raised in the district court, however, the issues are waived on appeal except for a review for plain error resulting in manifest injustice. *See United States v. Lira–Arredondo,* 38 F.3d 531, 533 n. 2 (10th Cir.1994); *United States v. Lewis,* 24 F.3d 79, 82 (10th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 271, 130 L.Ed.2d 189 (1994). We have reviewed the record and find no plain error. Indeed, defendant twice consented to the officer's further search of the automobile he was driving.

Defendant further contends that the judge was required to raise certain suppression issues sua sponte. In this regard, defendant's reliance on *United States v. Parra*, 2 F.3d 1058 (10th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 639, 126 L.Ed.2d 597 (1993), is misplaced. In *Parra*, we discussed a possible course of action for the district court when three predicates occur: 1) the defendant moves pretrial to suppress evidence; 2) the trial judge denies the motion to suppress; and 3) at trial, the judge learns of further facts which contradict his reason for denying the motion to suppress. *Id.* at 1065. In that situation, we stated that the trial court may reverse itself sua sponte. *Id.* Here, the trial court did not discover further facts which rendered its earlier ruling incorrect. Instead, defendant asks this court to rule that a district court, upon learning the facts of the case, should propose legal theories sua sponte and rule on them. No such duty exists. *Cf. United States v. Yannott*, 42 F.3d 999, 1005 (6th Cir.1994) ("[T]he district court is under no obligation to suppress evidence sua sponte."), *cert. denied*, —— U.S. ——, 115 S.Ct. 1172, 130 L.Ed.2d 1125 (1995).

### B.

Defendant next claims that there was insufficient evidence to support his conviction. In reviewing such a challenge,

> we review the entire record in the light most favorable to the government to determine whether the evidence is such that a reasonable jury could find the defendant guilty beyond a reasonable doubt. To the extent that the evidence conflicts, we accept the jury's resolution of conflicting evidence and its assessment of the credibility of witnesses.

*United States v. Sapp*, 53 F.3d 1100, 1103 (10th Cir.1995) (internal quotation marks and citations omitted).

After reviewing the record as a whole, we conclude that a reasonable jury could find defendant guilty beyond a reasonable doubt. Defendant's main contention is that the government did not prove he *knew* he was carrying the drug. In statements made following his arrest, however, defendant acknowledged that he had been offered four thousand dollars to drive the vehicle from El Paso to Albuquerque, and that he had received a one thousand dollar advance. Defendant also refused to disclose who paid him this money. And although defendant alleged he was driving home, he carried no luggage with him. Finally, defendant was travelling at 1:55 in the morning. From this evidence, a reasonable jury could infer that defendant knew his car contained marijuana. Consequently, the trial court did not err in refusing to direct a verdict in defendant's favor.

### II. THE 2255 MOTION

We next review defendant's claims that he received ineffective assistance of counsel in violation of the Sixth Amendment. To prevail on this claim, defendant must meet the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064; *see also Romero v. Tansy*, 46 F.3d 1024, 1029 (10th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 2591, 132 L.Ed.2d 839 (1995). Under the second prong, defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *see also Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir.1995).

Defendant first claims that counsel Armando Sierra was ineffective because he did not meet with defendant. Counsel's assistant, however, met with defendant on at least three occasions and accepted numerous phone calls from him. In addition, counsel testified that he had met with defendant at the jail. Given that this case was not complicated, we conclude that counsel's actions did not fall below an objective standard of reasonableness.

Next, defendant asserts that counsel was deficient because he did not file an appropriate suppression motion.[1] Counsel stat-

---

1. As noted earlier, defendant filed a motion to suppress that erroneously emphasized the prob-

ed that he did not move to suppress the evidence because defendant had consented to the search. We find this explanation a reasonable tactical decision and therefore conclude that no error occurred. *Cf. Hatch,* 58 F.3d at 1459 ("[I]n evaluating an ineffectiveness claim, this court must presume that the challenged action might be considered sound trial strategy.") (internal quotation marks omitted).

■ Defendant also attacks counsel's pretrial investigation. He claims that counsel should have sought out the reputed owner of the car to testify. But defendant had previously indicated to counsel's investigator that the officer's report identifying the owner was false. Consequently, counsel had no reason to locate that individual. In addition, counsel did prepare for trial. The magistrate found that counsel effectively cross-examined the government's witnesses. Accordingly, no error resulted from counsel's pretrial investigation.

■ Finally, defendant contests counsel's decision to have him testify and to stipulate to the introduction of defendant's prior conviction. This decision "is a classic example of a strategic trial judgment, 'the type of act for which *Strickland* requires that judicial scrutiny be highly deferential.'" *Id.* at 1459 (quoting *Green v. Lynaugh,* 868 F.2d 176, 178 (5th Cir.) (per curiam), *cert. denied,* 493 U.S. 831, 110 S.Ct. 102, 107 L.Ed.2d 66 (1989)). The defense focused on defendant's alleged lack of knowledge of the illegal drugs. Defendant's testimony was crucial for that contention. As for defendant's prior conviction, counsel determined that the evidence would be admitted anyway, so he made the stipulation to lessen the sting of the information. He then attempted to turn the information to defendant's advantage, eliciting testimony regarding defendant's reformation following the conviction. We hold that no error occurred because of counsel's decisions.

## III. CONCLUSION

The district court did not commit error when it refused to suppress evidence against

defendant or to direct a verdict in defendant's favor. In addition, defendant was not denied effective assistance of counsel in violation of the Constitution. We therefore **AFFIRM** the decision of the district court in both cases.

---

lems with roving patrols. That motion, however, was filed by a counsel whom defendant later

replaced with Sierra.