**F I L E D**
United States Court of Appeals
Tenth Circuit

**JAN 16 1998**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LESTER WAYNE FAULK,

      Petitioner - Appellant,

      v.

JOHN SHANKS, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents - Appellees.

No. 97-2221

D. New Mexico

(D.C. No. CIV-94-896-JP)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Lester Wayne Faulk appeals from the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied a certificate of appealability on July 24, 1997.[1] On appeal, Mr. Faulk asserts that his trial counsel, Jerry Williams, provided ineffective assistance by his (1) refusal to allow petitioner to testify at trial; (2) inadequate investigation of facts and failure to present an alibi defense; (3) failure to file a motion to suppress petitioner's confession; and (4) unprofessional conduct at trial.[2] We affirm.

## BACKGROUND

Mr. Faulk was tried by a jury in New Mexico District Court for aggravated burglary, larceny, and receipt of stolen property. At the trial, the prosecution produced a written waiver of Miranda rights signed by Mr. Faulk and the testimony of two sheriff's deputies, Harry Barney from the Eddy County Sheriff's

---

[1]Because Mr. Faulk filed his petition prior to the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996, he needs a certificate of probable cause and not a certificate of appealability to proceed. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). We grant a certificate of probable cause, as requested by petitioner's federal public defender on appeal, and proceed to the merits.

[2]Mr. Faulk has dropped several of his contentions on appeal, including that his counsel suffered from post-traumatic stress syndrome, that counsel failed to argue to the jury that convicted felons never give statements to the police, and that counsel failed to present the exculpatory testimony of an unnamed police informant who never materialized. See R. Vol. I, Tab 1 at 6A-6B.

Department and Mike Baker from the Chaves County Sheriff's Department. Both testified that Mr. Faulk had waived his Miranda rights and had confessed the crime to them separately and in each other's presence. Deputy Baker testified that Mr. Faulk had gone to the sheriff's station in Chaves County to recover items that he claimed were his; these same items were identified at trial by the burglary victim who lived in Eddy County. He also testified that Mr. Faulk was wearing a knife, which the victim later identified as his and which was admitted as evidence at the trial. Deputy Barney testified that Mr. Faulk directed him to the place where he was staying and gave him the shoes he was wearing at the time of the burglary. These shoes were introduced at trial, and the prints matched those found at the crime scene. Deputy Barney also testified that Mr. Faulk's description of what happened at the crime scene was consistent with his earlier investigation of the scene. The defense did not present any witnesses and Mr. Faulk did not testify. Defense counsel moved for a directed verdict, arguing that the alleged confessions were not corroborated and that the case should not go to the jury. The motion was denied and the jury convicted Mr. Faulk on all counts.

Mr. Faulk appealed his convictions to the New Mexico Court of Appeals, which affirmed his convictions, and the New Mexico Supreme Court denied his petition for a writ of certiorari. Thereafter, Mr. Faulk filed two petitions for habeas relief in state court based, inter alia, on ineffective assistance of trial

counsel. The petitions were denied, and his subsequent petitions for writs of certiorari were also denied.

He then filed this petition for a writ of habeas corpus, and the U.S. Magistrate Judge held two evidentiary hearings before entering his proposed findings and recommended disposition, which the district court adopted in dismissing the petition on June 9, 1997.

## DISCUSSION

"'A claim of ineffective assistance of counsel presents a mixed question of law and fact which we review de novo.'" Duvall v. Reynolds, No. 96-6329, --- F.3d ---, 1997 WL 758810, at *3 (10th Cir. Dec. 10, 1997) (quoting Brewer v. Reynolds, 51 F.3d 1519, 1523 (10th Cir. 1995)). However, we review the lower court's "factual findings based on live testimony presented at the evidentiary hearing only for clear error." Romero v. Tansy, 46 F.3d 1024, 1028 (10th Cir. 1995); see also United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988). The magistrate judge stated that he believed the testimony of Mr. Williams and not Mr. Faulk. R. Vol. III at 88-89; R. Vol. I, Tab 33 at 4. Therefore, absent clear error, to the extent they conflict, we will credit Mr. Williams' version of the events. See Romero, 46 F.3d at 1029.

To prevail on a claim of ineffective assistance of counsel, petitioner must demonstrate both that his counsel's performance "fell below an objective standard of reasonableness" and that it was so prejudicial "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). After a careful examination of the record, we conclude that petitioner has failed to meet this burden.

First, petitioner claims that his counsel was ineffective in refusing to permit him to testify on his own behalf. At the evidentiary hearing, Mr. Williams testified that Mr. Faulk did indeed want to testify on his own behalf, but that Mr. Williams had concerns about Mr. Faulk perjuring himself on the stand. R. Vol. III at 72, 82. Because the evidence against him was strong, because Mr. Faulk had a prior record and a sentencing enhancement as a habitual offender was possible, and because Mr. Williams did not think Mr. Faulk would be a good witness, Mr. Williams advised Mr. Faulk not to testify. Id. at 72. This, of course, can be a reasonable trial strategy. See Rantz, 862 F.2d at 811.

Mr. Williams recalls telling Mr. Faulk that he did have the power to take the stand if he wished, but advised him not to do so. R. Vol. III at 72-73. He also told Mr. Faulk that if he insisted on testifying, he would tell the court off the record that he had advised Mr. Faulk not to testify. Id. at 73-74. Mr. Williams

did not ask Mr. Faulk if he wanted to take the stand before the defense rested its case, id. at 75, but he knows "that it was very clear" that Mr. Faulk "had decided not to take the stand." Id. at 83. Mr. Williams also testified that had petitioner told him he was going to testify at the trial, Mr. Williams would have allowed him to do so. Id. at 83-84.

A defendant certainly has a constitutional right "to take the witness stand and to testify in his or her own defense." Rock v. Arkansas, 483 U.S. 44, 49 (1987). Assuming that this right is one which only the defendant can choose to waive, as other circuits have held, see, e.g., Brown v. Artuz, 124 F.3d 73, 77-78 (2d Cir. 1997) (listing cases); see also United States v. Janoe, 720 F.2d 1156, 1161 & n.10 (10th Cir. 1983), petitioner asks us to require defense counsel to directly ask a defendant if he is going to testify even after counsel has told him he has the right to do so. It is clear from Mr. Williams' testimony that he had told Mr. Faulk he had the right to testify and that Mr. Williams felt Mr. Faulk had conceded that he would not testify. Although this conflicted with the testimony of petitioner and his mother, the magistrate judge credited Mr. Williams' version of the facts and found that Mr. Faulk had been informed of his right to testify, but that he made a knowing and voluntary waiver of that right. R. Vol. I, Tab 33 at 5. We agree that Mr. Faulk's failure to testify was not a result of ineffective assistance.

Second, Mr. Faulk asserts that his counsel was ineffective because he did not conduct an adequate investigation of the evidence and because he failed to present an alibi defense. In support of this assertion, petitioner points out that Mr. Williams cannot remember interviewing the two deputies who testified against him. He also cites the fact that Mr. Williams did not interview petitioner's girlfriend as a potential alibi witness, that he did not follow up on discovery from the prosecution, and that he presented no witnesses on behalf of petitioner.

The Supreme Court has established the relationship between trial strategy and proper investigation as follows:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

Strickland, 466 U.S. at 690-91; see also Brecheen v. Reynolds, 41 F.3d 1343, 1366 (10th Cir. 1994).

At the evidentiary hearing, Mr. Williams testified about his investigation, preparation, and strategy for Mr. Faulk's trial. He stated that he did not recall whether he had interviewed the two deputies before the trial, but that he had

-7-

reviewed their reports and the evidence and discussed them with petitioner on a few occasions prior to trial. R. Vol. III at 56-61, 77, 79. As petitioner admits, Mr. Williams cross-examined the two deputies and pointed out that they had not tape recorded the confession or obtained a written confession from Mr. Faulk. He pointed to a discrepancy in the size of shoe that Mr. Faulk allegedly gave Deputy Barney and the size that Barney had estimated the print at the house to be. He elicited that the shoe type was common. He also showed that the stolen knife was new, but that the knife recovered from Mr. Faulk was worn. Appellant's Br. at 5-7. Because the evidence was so overwhelming against Mr. Faulk, Mr. Williams determined that this was the best way to present a defense so as to raise the inference that Mr. Faulk never confessed to the two deputies, while leaving Mr. Faulk's credibility intact. R. Vol. III at 59-60.

Mr. Faulk is not specific in alleging what more his counsel could have done had he actually spoken to the two deputies prior to trial. Although pre-trial examination of prosecution witnesses by the defense may generally be a part of a thorough investigation, it appears that Mr. Williams effectively cross-examined the witnesses, which itself can provide an appropriate defense. See United States v. Chavez-Marquez, 66 F.3d 259, 263 (10th Cir. 1995).

Neither Mr. Faulk nor his mother mentioned any facts at the evidentiary hearing that would support an alibi defense, and no attempt was made to present

-8-

the testimony of an alibi witness. Mr. Williams testified that petitioner kept alternating between saying that his mother and that his girlfriend could place him away from the scene of the crime. R. Vol. III at 76-77, 85. When Mr. Williams contacted the mother, she told him she could not provide an alibi. Id. at 76-77. Mr. Williams does not believe that petitioner ever gave him any concrete information as to the location or name of the girlfriend. Id. at 76-77, 84-86. In any case, Mr. Williams felt that because Mr. Faulk was married at the time to another woman, because Mr. Faulk's story about an alibi was inconsistent, and because the investigative reports indicated that he might have had a female accomplice, the girlfriend would not have been a helpful witness. Id. at 76-77.

After a careful review of the record, we are unpersuaded that Mr. Williams inadequately investigated the evidence or that he unreasonably failed to present an alibi defense. Mr. Williams questioned petitioner's mother, who refused to testify, and even if he had the information to contact petitioner's girlfriend, a decision not to investigate further would have been reasonable. Given the evidence against Mr. Faulk and the potential complicity of Mr. Faulk's girlfriend, we do not think it unreasonable for Mr. Williams to have made the tactical decision under his discretion not to call the girlfriend as a witness. See Janoe, 720 F.2d at 1162-63. In addition, defense counsel's failure to assert a meritless

argument at trial is not ineffective assistance of counsel. United States v. Dixon, 1 F.3d 1080, 1083 n.5 (10th Cir. 1993).

We also note that petitioner did not present any evidence as to what the girlfriend would have testified to had she appeared at the trial, thus making any finding of prejudice on this claim nearly impossible. See Coleman v. Brown, 802 F.2d 1227, 1234 (10th Cir. 1986); United States ex rel. Cross v. DeRobertis, 811 F.2d 1008, 1016 (7th Cir. 1987) ("The focus of the inquiry must be on what information would have been obtained from such an investigation and whether such information, assuming its admissibility in court, would have produced a different result."); Lawrence v. Armontrout, 900 F.2d 127, 130 (8th Cir. 1990) (If the witness does not testify at the evidentiary hearing, petitioner must explain why and "demonstrate, with some precision, the content of the testimony they would have given at trial." (citation omitted)). In addition to the lack of evidence presented by petitioner at the hearing, we also consider the strength of the government's case and conclude that petitioner has not met the prejudice requirement of Strickland because there is no reasonable probability that the absence of counsel's failures would have changed the jury's conclusion. See Stafford v. Staffle, 34 F.3d 1557, 1564 (10th Cir. 1994).

Next, petitioner argues that his counsel was ineffective in failing to file a motion to suppress his statements to Deputies Barney and Baker. Mr. Williams

testified that Mr. Faulk had told him he had talked to the deputies because he "thought it was a good idea at the time." R. Vol. III at 53. Mr. Williams testified that there were other indications of the voluntariness of Mr. Faulk's confessions, including his coming to the station voluntarily to claim the property, a written statement signed by Mr. Faulk indicating that he had waived his Miranda rights, and the fact that Faulk had voluntarily taken Deputy Barney to the place where he was staying and gave him his tennis shoes. See R. Vol. III at 53-58. Because of the "indications of Miranda Rights and the indication of voluntariness," Mr. Williams determined that there was "no good faith basis for challenging" the confessions and felt that filing a motion to suppress would have been frivolous and unethical. R. Vol. III at 69-70. Considering the facts he confronted, we find that Mr. Williams made a reasonable decision. See Chavez-Marquez, 66 F.3d at 262-63. Even if Mr. Williams' decision was unreasonable conduct, petitioner has made no attempt to show that the motion would have been granted. Thus, the failure to file the motion, in light of its probable denial and considering the strength of the government's case, did not prejudice the result of the trial.

Finally, Mr. Faulk alleges that his counsel's unprofessional conduct at trial was tantamount to ineffective assistance. Petitioner's only support for this argument is that a juror complained in a letter to the New Mexico State Bar Disciplinary Board that Mr. Williams, whom the juror had witnessed in several

trials, had performed poorly. <u>See</u> R. Vol. IV at 71. At the evidentiary hearing, the juror testified that she did not remember specifically what counsel had done at Faulk's trial, and that in any case, counsel's actions had no impact on how she viewed the evidence presented at trial. R. Vol. II at 7, 11. At the very least, petitioner has failed to show prejudice on this claim, especially considering the strength of the evidence against him.

In addition to concluding that none of petitioner's claims alone constitute ineffective assistance of counsel, we also conclude that the combination of the alleged shortcomings do not add up to a viable constitutional claim.

## CONCLUSION

Accordingly, we GRANT a certificate of probable cause and AFFIRM the dismissal of the petition.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge