**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL BATH,

     Plaintiff - Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; JOE, Executive
Director, Colorado D.O.C.; GARY
GOLDER, WARDEN, S.C.F.
C.D.O.C.; CAROL SOARES,
Associate Warden, S.C.F. C.D.O.C.;
MARK BRODDUS, Associate
Warden, S.C.F. C.D.O.C.; K.
DAIKER, Case Manager, S.C.F.
C.D.O.C.; JOHN DOE BACKER, Case
Manager, S.C.F. C.D.O.C.; JON
CRUSSELL, Case Manager, S.C.F.
C.D.O.C.; J. MARTIN, Case Manager,
S.C.F. C.D.O.C.; JOHN DOE
McMONAGLE, Case Manager, S.C.F.
C.D.O.C.; ROGER LAWLESS, Case
Manager, S.C.F. C.D.O.C.; JOHN
DOE CLINE, Capt., C.M. III Case
Manager, S.C.F. C.D.O.C.; JANE
DOE CONRAD, C.M. III Case
Manager, S.C.F. C.D.O.C.; PRESTON
TENEYCK, Food Service, S.C.F.
C.D.O.C.; JOHN DOE
WILDENSTEIN, Capt., S.C.F.
C.D.O.C.; JOHN DOE USARY, Capt.
S.C.F. C.D.O.C.; RAYMOND LT.,
HEARINGS OFFICER, S.C.F.
C.D.O.C.; TOM BULLARD, Hearings
Officer, S.C.F. C.D.O.C.; JOHN DOE
ZENT, Case Manager, S.C.F.

No. 04-1123
(D. Colorado)
(D.Ct. No. 04-Z-342)

C.D.O.C.

    Defendants - Appellees.

---

**ORDER DENYING IN FORMA PAUPERIS
AND DISMISSING APPEAL**[*]

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

Michael Bath, along with other inmates at the Sterling Correctional Facility in Sterling, Colorado, filed a pro se complaint on February 25, 2004[1] alleging prison officials violated their federal constitutional and state law rights, including their Eighth Amendment right to be free from cruel and usual punishment and their Fourteenth Amendment right to due process, when they were administratively segregated within the prison population. On March 22, 2004, the

---

[*] This order is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

district court dismissed the Eighth and Fourteenth Amendment claims as frivolous under 28 U.S.C. 1915A(b)(1).[2] Bath individually appeals.

Bath renews his claim that his Eight Amendment and Fourteenth Amendment due process rights were violated when he was segregated within the prison population.[3] Having reviewed Bath's opening brief, we, like the district court, cannot discern a reasoned, non-frivolous argument on the law and facts in support of the issues he raises on appeal.

Accordingly, we **DISMISS** the appeal as frivolous.[4] Bath's motion to proceed in forma pauperis is **DENIED**. Bath is ordered to pay the full appellate

---

[2]The court dismissed an Establishment Clause claim for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a). The court declined to assume supplemental jurisdiction over the state law claim inasmuch as it dismissed the federal claims. *See* 28 U.S.C. § 1367(c)(3).

[3]On appeal, Bath for the first time claims that prison officials acted with deliberate indifference toward his medical needs, in violation of the Eighth Amendment, because the administrative segregation put him "under mental distress to the point of suicide . . . ." (Appellant Br. at 2.) We do not consider issues which are raised for the first time on appeal except to review for plain error resulting in manifest injustice. *United States v. Chavez-Marquez,* 66 F.3d 259, 261 (10th Cir. 1995). We have reviewed the record and find no plain error; therefore, we decline to consider the claim.

[4]Bath accumulates two strikes as a result of this appeal, one due to the district court dismissal for frivolous claims and one due to our dismissal of the appeal as frivolous. *See* 28 U.S.C. § 1915(g); *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3 775, 780-81 (10th Cir. 1999).

-3-

filing fee within twenty (20) days of this order.

**Entered by the Court:**


**Terrence L. O'Brien**
United States Circuit Judge