**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

YGNACIO ZABALZA,

Defendant-Appellant.

No. 06-3035

District of Kansas

(D.C. No. 05-CV-3003-WEB)

**ORDER**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Ygnacio Zabalza, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal the district court's order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Zabalza has failed to make "a substantial showing of the denial of a constitutional right," we **DENY** his request for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## I. Background

Mr. Zabalza was stopped by a Kansas Highway Patrol sergeant who smelled marijuana and searched the car, finding blocks of marijuana in the trunk. While the officer was searching the trunk, Mr. Zabalza set the car on fire. Mr. Zabalza was charged with two violations of federal law: (1) unlawful possession of over 100 kilograms of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, and (2) unlawful destruction of a vehicle by fire in violation of 18 U.S.C. § 844(i). Mr. Zabalza's retained counsel filed a motion to suppress evidence. After the court denied his motion to suppress, Mr. Zabalza entered into a plea agreement with the government. The government agreed to dismiss Count 2 if Mr. Zabalza pleaded guilty to Count 1. Mr. Zabalza pleaded guilty on the condition that he would be able to appeal the court's denial of the motion to suppress evidence.

At a sentencing hearing on November 4, 2002, Mr. Zabalza was sentenced to the statutory minimum sentence of ten years' imprisonment on Count 1. He filed a direct appeal challenging the denial of his motion to suppress. This Court affirmed. *See United States v. Zabalza*, 346 F.3d 1255 (10th Cir. 2003).

Mr. Zabalza filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, raising five issues: (1) he was denied effective assistance of counsel because his attorney failed to ensure that his sentencing was based on the proper weight of marijuana and not the weight of the packaging; (2) he was

-2-

denied effective assistance of counsel because his attorney conspired with government counsel to misplace the original tape recording of the traffic stop; (3) the Supreme Court's opinion in *Blakely v. Washington*, 542 U.S. 296 (2004), should be applied retroactively to his sentencing; (4) he was denied effective assistance of counsel because his attorney did not seek to reduce his sentence under the guidelines; and (5) he was denied effective assistance of counsel because his attorney failed to raise additional issues on appeal. The district court denied the petition, finding that Mr. Zabalza failed to prove his counsel was defective and that *Blakely* does not apply retroactively.

Mr. Zabalza seeks a COA in this Court solely on the ground that his counsel's failure to raise the packaging weight issue constituted ineffective assistance of counsel.

## II. Discussion

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issue a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

-3-

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

For Mr. Zabalza to establish ineffective assistance of counsel, he must show: (1) that his counsel's performance was deficient, and (2) that counsel's performance prejudiced the defense to create an unfair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel is not constitutionally ineffective for failing to raise a meritless issue. *See Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999). In reviewing the district court's ineffective assistance of counsel claims, we accept the district court's factual finding unless clearly erroneous and review the district court's legal conclusions *de novo*. *Brewer v. Reynolds*, 51 F.3d 1519, 1523 (10th Cir. 1995).

Mr. Zabalza argues that had the marijuana been weighed differently, using the actual weight of the packaging materials, the weight of the marijuana would be under 100 kilograms, and he would have received a lower sentencing based on offense levels established by the Sentencing Guidelines. In arguing to the district court, however, Mr. Zabalza stated that the packaging materials as weighed would have accounted for as much as 11% of the gross weight of the bundles. The district court correctly found that reducing the total gross weight of the marijuana (115.3 kilograms) by 11% would still result in 102 kilograms of marijuana.

On appeal, Mr. Zabalza changes his argument. Now he urges that if there was a 13.32% drop due to wrapping instead of the original 11% drop then there

would only be 99.875 kilograms of marijuana.  He suggests that a discrepancy of this magnitude could be the result of the unknown liquid substance used to extinguish the fire.  We do not accept new arguments on appeal.  *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 720 (10th Cir. 1993).  Moreover, this argument is little more than hopeful speculation on Mr. Zabalza's part, with no support in the record.  Therefore, we affirm the district court.

### III.  Conclusion

Accordingly, we **DENY** Ygnacio Zabalza's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge