**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 14 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MICHAEL WAYNE ELLIS,

     Defendant-Appellant.

No. 03-4105
(D.C. No. 2:01-CR-411-K)
(Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **BRISCOE**, Circuit Judge.

In a two-count indictment, Michael Wayne Ellis ("defendant") was charged as follows: in the first count, he was charged with knowingly possessing with an intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and in the second and final count, he was charged with knowingly possessing with an intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). The defendant filed a motion to suppress any use at trial of "any and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

all evidence seized pursuant to the stop of the vehicle he was driving on the 9th day of July, 2001, which forms the basis of the charges in the instant case." As grounds therefor, the defendant claimed that the stop and search of his vehicle was "without probable cause and outside the ambit of a judicially drawn warrant," in violation of his Fourth and Fourteenth Amendments rights. After an evidentiary hearing, the district court denied the motion to suppress. On the same date the motion to suppress was denied, the defendant filed a "Post-Oral Argument Memorandum," which, in the main, distinguished the cases relied on by the government at oral argument. The district court denied that motion with the comment that the matter relied on "would not alter the court's ruling" to deny the motion to suppress. Thereafter, the defendant entered a conditional plea of guilty to Count 1 of the indictment, and he was later sentenced to imprisonment for 262 months. Count 2 was dismissed on motion of the United States. The defendant appeals. We affirm.

The defendant was stopped by a deputy sheriff in Utah for driving 85 m.p.h. in a 70 m.p.h. zone. The arresting officer detected an odor of burnt marijuana emanating from the vehicle and the defendant and his passenger admitted smoking marijuana. The officer then asked if the defendant would consent to a search of the vehicle, which he gave. Marijuana roaches were found in the ashtray. At that point in time, the defendant was arrested. Other than the roaches, nothing of any significance was found in the interior of the vehicle. By this time, other officers arrived. The trunk lid was lifted and there was an

odor of raw marijuana, according to certain of the officers. Further, the officers also noticed "some screws hanging out, Bondo-type stuff, fresh type Bondo stuff had been put in that didn't match the cover, the trunk area." One of the officers looked under the car and saw a "hidden compartment in which he's had numerous experiences with that probably contained drugs." (Sic) The car was then taken to police headquarters, and, after a warrant was obtained, the bumper was removed and, as we understand it, raw marijuana and cocaine were discovered in a hidden compartment.

The defendant does not now contend that he was unlawfully "stopped," nor does he contend that the search of the interior of his car was unlawful. Further, though there is a suggestion that the opening of the trunk lid was, itself, improper, defendant's focus on appeal is that the officers did not have "probable cause" to dismantle the bumper to search for a hidden compartment. As above indicated, the so-called "dismantling" did not occur at the scene of the stop. One of the officers drove the vehicle to police headquarters and after a sniffing dog had alerted, a search warrant was obtained and a search ensued. As for the search warrant, the defendant contends that the affidavit in support of the warrant was insufficient to support the issuance thereof, pointing out, *inter alia,* that the sniffing dog, named Uno, was "old" and at the time, "uncertified."

The district court, in denying the motion to suppress, entered a rather detailed order in which it, after making its findings of fact, concluded, as a matter of law, that the officers had "probable cause" to search the entire vehicle, which included the dismantling

of the bumper wherein a compartment was discovered which contained raw marijuana and cocaine. In thus holding, the district court did not feel it necessary to consider the question of whether the warrant was issued on probable cause. Specifically, the district court in this regard spoke as follows:

> Given that probable cause existed to search the entire vehicle once the officers smelled and discovered burnt marijuana cigarettes in the passenger compartment, and smelled the odor of raw marijuana and observed alterations in the trunk of the vehicle, the officer's further steps of having a police dog sniff the car and obtaining a search warrant were unnecessary to provide legal justification for the search.

In denying defendant's motion to suppress, the district court cited, *inter alia, United States v. Downs,* 151 F.3d 1301, 1303 (10th Cir. 1998), *cert. denied*, 526 U.S. 1078 (1999) ("Probable cause to search a vehicle is established if, under the totality of the circumstances, there is a fair probability that the car contains contraband or evidence."); *United States v. Nielsen,* 9 F.3d 1487, 1491 (10th Cir. 1993) ("The scope of a warrantless search of an automobile 'is defined by the object of the search and the places in which there is probable cause to believe that it may be found.'"); *United States v. Parker,* 72 F.3d 1444, 1450 (10th Cir. 1995)("Rather, an officer obtains probable cause to search the trunk of a vehicle once he smells marijuana in the passenger compartment and finds corroborating evidence of contraband."); *United States v. Ashby,* 864 F.2d 690, 692 (10th Cir. 1988), *cert. denied*, 494 U.S. 1070 (1990) ( "Once probable cause exists for a search, the police have the authority to search the entire vehicle."); and *United States v. Vasquez-*

- 4 -

*Castillo,* 258 F.3d 1207, 1213 (10th Cir. 2001)("When an officer encounters the smell of raw marijuana, there is the fair probability that the vehicle is being used to transport marijuana and that the marijuana has been secreted in places other than the passenger compartment.").

In the instant case, unlike some of the cases relied on by the trial court, the defendant consented to a search of the vehicle. Be that as it may, we agree with the district court that in the instant case there was "probable cause" to search the vehicle, including the trunk and the "dismantling of the bumper." The evidence supports the finding that when the officers opened the trunk, they saw items that suggested there was a "fair probability" that additional contraband had been secreted in or close to the trunk, which would include the rear bumper. As already stated, a "secret compartment" was discovered with raw marijuana and considerable cocaine located therein.

Further, we agree with the district court that having determined there was "probable cause," it became unnecessary to consider the further contention of the defendant that the search warrant was invalid because the affidavit in support thereof was insufficient. Hence, for example, we need not here consider the "credibility" of Uno, the sniffing canine, who was both "old" and "uncertified," and, we are advised, is now deceased.

In our review of a district court order denying a motion to suppress, we accept the district court's findings of fact unless clearly erroneous and, in so doing, we consider the

totality of the circumstances and view the evidence in a light most favorable to the government. The question of the "reasonableness" of the search and seizure we review *de novo*. In sum, the district court's findings in the instant case are not clearly erroneous, and, *de novo*, we agree with the district court's conclusion that the search and seizure were "reasonable" and did not offend the Fourth Amendment. *United States v. Browning,* 252 F.3d 1153, 1157 (10th Cir. 2001); *United States v. Gama-Bastidas,* 142 F.3d 1233, 1237 (10th Cir. 1998).

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge