**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 2004**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

MICHAEL ANTHONY SHEEHAN,

    Defendant - Appellant.

No. 03-4239

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:02-CR-632-TC)**

---

Submitted on the briefs:

Stephen R. McCaughey, Salt Lake City, Utah, Attorney for Defendant-Appellant.

Paul M. Warner, United States Attorney, and Diana Hagen, Assistant United States Attorney, Salt Lake City, Utah, Attorneys for Plaintiff-Appellee.

---

Before **TACHA,** Chief Circuit Judge , **ANDERSON** and **BALDOCK** , Circuit Judges.

---

**ANDERSON** , Circuit Judge.

Michael Anthony Sheehan pled guilty to one count of committing a robbery affecting interstate commerce, in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and two counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). At sentencing, Sheehan moved for a downward departure under United States Sentencing Commission,    Guidelines Manual ("USSG") §5H1.3, §5K2.0 (Nov. 2002), based on a defense expert's report that he suffered from acquired brain injury and seizure and mood disorders. The district court denied the motion and sentenced him to 441 months' imprisonment, followed by three years of supervised release. On appeal, Sheehan argues the district court failed to recognize its discretion to depart downward and requests that we remand for an evidentiary hearing on his motion. [1]

**BACKGROUND**

The charges against Sheehan stemmed from a series of armed robberies committed September 12-13, 2002, at a restaurant, gas station, and 7-Eleven. Due to prior convictions, Sheehan's presentence report ("PSR") calculated a criminal history category of V. The PSR calculated a total offense level of 19 for the

---

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). This cause is therefore ordered submitted without oral argument.

Hobbs Act violation and noted that violations of 18 U.S.C. § 924(c) require mandatory consecutive terms of imprisonment of seven years for the first offense and twenty-five years for the second offense. The PSR also indicated Sheehan had a history of seizures, migraines, and prescribed antidepressant use. The report of the defense's medical expert following a neuropsychological evaluation, quoted in the PSR and included in the record on appeal, indicated Sheehan suffered from serious acquired brain injury, seizure disorder, and mood disorder. The report recommended ongoing treatment for these conditions. The PSR also indicated Sheehan had been evaluated by a court-appointed expert to determine his mental competency and criminal responsibility. That expert diagnosed Sheehan with substance dependence and antisocial personality disorder but found no evidence of a formal thought disorder or psychotic disorder nor any indication Sheehan was unable to appreciate the nature, quality, or wrongfulness of his actions.

As indicated above, Sheehan filed a motion with the district court requesting downward departure from the Guidelines sentencing range pursuant to USSG §5H1.3 and §5K2.0. The court denied the motion, and, following sentencing, Sheehan appealed.

**DISCUSSION**

"Ordinarily, a district court's refusal to exercise its discretion and depart downward from the sentencing guidelines is not appealable." United States v. Miranda-Ramirez, 309 F.3d 1255, 1258 (10th Cir. 2002). Here, we apply an exception to this rule because the district court unambiguously stated it had no discretion to depart pursuant to §5K2.0 based on a defendant's diminished capacity. Nevertheless, we affirm the district court's sentence because its conclusion that it had no discretion to depart was proper.

**A.      Jurisdiction**

While, as noted above, we normally do not consider appeals from a district court's refusal to depart from the applicable sentencing range, "[w]e may exercise jurisdiction . . . in the very rare circumstance that the district court states that it does not have any authority to depart . . . for the entire class of circumstances proffered by the defendant." United States v. Brown, 316 F.3d 1151, 1154 (10th Cir. 2003). This exception to the rule "does not apply where the district court concludes that it lacks authority to depart ' *under the defendant's particular circumstances*.'" United States v. Jeppeson, 333 F.3d 1180, 1184 (10th Cir. 2003) (quoting United States v. Castillo, 140 F.3d 874, 887 (10th Cir. 1998)). "Moreover, we 'treat ambiguous statements made by district judges as though the

-4-

judge was aware of his or her legal authority to depart but chose instead, in an exercise of discretion, not to depart.'" Id. (quoting United States v. Fortier, 180 F.3d 1217, 1231 (10th Cir. 1999)).

Here, the transcript of the sentencing hearing makes clear that the district court believed it lacked authority to grant a downward departure pursuant to §5K2.0, as Sheehan had requested based on his mental and emotional conditions. At the hearing, the government argued that downward departures based on mental and emotional conditions were unavailable under §5K2.0 because §5H1.3, the Guidelines provision listing "mental and emotional conditions" as a discouraged departure factor, "refers back to [§5K2.13]," the provision governing departures based on "diminished capacity" arguments. Tr. of Sentencing Hr'g at 5, R. Vol. II. In opposition, Sheehan argued that "[d]iminished capacity can still be considered" as a basis for downward departure pursuant to §5K2.0, even where no departure is permitted under the terms of §5K2.13. Id. at 6. The district court stated, "I believe the government is correct about the structure of the Guidelines. I do not believe that I can do a departure for the diminished capacity. I do believe that the government's argument is correct, and . . . I am referred back by 5H1.3 to 5K2.0, specifically 13." Id. at 7. Holding Sheehan was ineligible for downward departure pursuant to §5K2.13, the district court denied Sheehan's motion without considering his eligibility for downward departure pursuant to §5K2.0.

-5-

Because the district court unambiguously stated it had no authority to depart pursuant to §5K2.0 in any circumstance based on a defendant's claim of diminished capacity, we have jurisdiction to consider this appeal.

We thus turn to the merits of Sheehan's claim that the district court should have considered his eligibility for downward departure pursuant to §5K2.0. "'[W]e review de novo the district court's interpretation that the Guidelines provide it no power to depart downward from the prescribed sentencing range.'" Miranda-Ramirez, 309 F.3d at 1259 (quoting United States v. Talk, 13 F.3d 369, 371 (10th Cir. 1993)).

**B.     Downward Departures for "Diminished Capacity" under USSG §5K2.0 and §5K2.13**

Resolution of the issue presented depends on the inter-relationship of three Guidelines provisions, set forth in pertinent part below:

**§5H1.3** . **Mental and Emotional Conditions**     (Policy Statement):

Mental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range, except as provided in Chapter Five, Part K, Subpart 2 (Other Grounds for Departure).

**§5K2.0.**   **Grounds for Departure**    (Policy Statement):

[A]n offender characteristic . . . that is, in the Commission's view, 'not ordinarily relevant' in determining whether a sentence should be outside the applicable guideline range may be relevant to this determination if such characteristic or circumstance is present to an

unusual degree and distinguishes the case from the 'heartland' cases covered by the guidelines.

**§5K2.13.   <u>Diminished Capacity</u>   (Policy Statement):**

A sentence below the applicable guideline range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity.  However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; or (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public.  If a departure is warranted, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

Here, it is undisputed that Sheehan was ineligible for a downward departure pursuant to §5K2.13 because his offense involved actual violence or a serious threat of violence.   <u>See</u> USSG §5K2.13(2).  Sheehan nevertheless argues that the district court could have granted a downward departure pursuant to §5K2.0 because his mental and emotional condition "is present to an unusual degree and distinguishes the case from the 'heartland' cases covered by the guidelines."

We reject Sheehan's argument because it is clear from the memorandum Sheehan submitted to the district court in support of downward departure, as well as the sentencing hearing transcript, that, despite his assertion to the contrary, Sheehan is invoking §5K2.0 merely as a means of circumventing the limitations of §5K2.13.  He provides no reason for departing based on his mental or

emotional conditions other than the contribution these conditions made to the commission of his offenses – in other words, his diminished capacity. Mem. in Supp. of Downward Departure at 5, R. Vol. I ("It is indisputable that the defendant's actions in the instant case reflect, at least in part, his mental and emotional instability."); Tr. of Sentencing Hr'g at 6, R. Vol. II (recording Sheehan's attorney's argument that "[d]iminished capacity can still be considered. I think that's what they're saying in the introductory comments is that you can consider those on an unusual basis.").

Other circuits considering this issue have unanimously agreed that the prohibitions in §5K2.13 may not be circumvented by applying §5K2.0 instead. United States v. Smith, 330 F.3d 1209, 1213 (9th Cir. 2003) (concluding that §5K2.13 "adequately take[s] into consideration [the defendant]'s mental condition as a contributing cause of [his crime]"); United States v. Petersen, 276 F.3d 432, 437 (8th Cir. 2002) (holding §5K2.13 "provides the only basis" for a departure based on diminished capacity, "foreclosing consideration of diminished mental capacity under section 5K2.0" (internal quotation marks omitted)); United States v. Thames, 214 F.3d 608, 615 (5th Cir. 2000) ("§5K2.0 is inapplicable to [defendant]'s claim that his diminished mental capacity, derived from his gambling addiction, entitles him to consideration for a downward departure."); United States v. Russell, 917 F.2d 512, 516 (11th Cir. 1990) (refusing to apply

§5K2.0 to defendant's argument that he had a "reduced capacity to resist persuasion, caused by his dependent personality disorder").

We recognize that it is well settled in this and other circuits that, in other circumstances, the sentencing court may order a departure based on a defendant's mental or emotional condition pursuant to §5K2.0. [2] United States v. Jones, 158 F.3d 492, 503 (10th Cir. 1998) (the sentencing court may consider the defendant's mental or emotional condition in determining whether to depart if the condition "'is present to an unusual degree and distinguishes the case from the "heartland" cases covered by the guidelines'" (quoting USSG §5K2.0)); see also United States v. Maldonado-Montalvo, 356 F.3d 65, 74 (1st Cir. 2003) (explaining that to depart based on the defendant's mental condition, "the sentencing court must first make a finding that the mental condition is extraordinary or atypical"); United States v. DeBeir, 186 F.3d 561, 567 (4th Cir. 1999) (considering whether defendant's "unique psychological condition" brought the case "outside the heartland"); United States v. Moses, 106 F.3d 1273, 1280 (6th Cir. 1997) (considering whether defendant's mental illness "makes this an 'extraordinary

---

[2]Inexplicably, the government fails to acknowledge this line of cases and argues, rather, that no departures based on a defendant's mental or emotional condition are ever permitted unless they fit the requirements of §5K2.13. The government's argument appears to result from its tendency, shared by the defendant, to conflate the terms "mental and emotional conditions" and "diminished capacity." The structure of the Guidelines, together with the case law, make clear that these phrases are not synonymous.

case'" under §5K2.0); United States v. Pullen, 89 F.3d 368, 371 (7th Cir. 1996) (similar); United States v. Barton, 76 F.3d 499, 502 (2d Cir. 1996) (similar).

However, we have found no case that considered the application of §5K2.0 based on the defendant's claim of diminished capacity; rather, they did so based on some other argument related to the defendant's mental or emotional condition. See, e.g., Maldonado-Montalvo, 356 F.3d at 73 (reviewing the district court's conclusion that "[p]rolonged incarceration would worsen the defendant's mental health condition and result in greater costs to the United States"); DeBeir, 186 F.3d at 567 (considering the defendant's "unusual susceptibility to abuse in prison" due to his psychological condition and the likelihood of further psychological damage as a result of incarceration); Jones, 158 F.3d at 503 (considering "the negative effect incarceration would have on both the quality and quantity of [defendant's] rehabilitative counseling"); Moses, 106 F.3d at 1278 (reviewing the district court's upward departure based on the defendant's future dangerousness due to his mental illness).

We conclude that "diminished capacity" departures pursuant to §5K2.13 are a subset of departures allowed under §5H1.3 based on mental and emotional conditions. While other departure requests based on mental and emotional conditions may be governed by §5K2.0, diminished capacity claims are governed solely by §5K2.13. Here, the district court properly concluded that it had no

discretion to depart pursuant to §5K2.0 based on diminished capacity when such a departure was prohibited by the terms of §5K2.13.

## CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.