**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 8 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SURMAN MILLER,

Defendant - Appellant.

No. 04-4047
(D. Ct. No. 02-CR-502-DKW)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Appellant Surman Miller pleaded guilty to one count of sexual abuse of a minor "within the Indian country" in violation of 18 U.S.C. §§ 2243(a) and 1153(a). On appeal, Mr. Miller challenges the District Court's finding that it was

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

without authority to depart downward for diminished capacity pursuant to U.S. Sentencing Guidelines Manual § 5K2.0 (2003) ("U.S.S.G.") when a downward departure is not permitted under U.S.S.G. § 5K2.13. We take jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2) and AFFIRM.

## I. BACKGROUND

Mr. Miller entered a guilty plea on August 21, 2002 in a one-count indictment for sexual abuse of a minor within Indian country. Mr. Miller's prior convictions placed him in criminal history category VI, which has a sentencing range of 188 to 235 months. He subsequently filed a motion for downward departure under U.S.S.G. § 5K2.0 on the grounds that his mental condition reduced his culpability for the offense and was present to an exceptional degree not contemplated by the diminished capacity guideline found at U.S.S.G. § 5K2.13. On March 1, 2004, the District Court denied Mr. Miller's motion to depart downward and sentenced him to 188 months in prison followed by a 36-month term of supervised release. Mr. Miller timely appealed the District Court's finding that it had no authority to depart downward under § 5K2.0.

## II. DISCUSSION

A.    Jurisdiction

This Court has jurisdiction to hear Mr. Miller's appeal. Generally, "a district court's refusal to exercise its discretion and depart downward from the

- 2 -

sentencing guidelines is not appealable." *United States v. Sheehan*, 371 F.3d 1213, 1215-16 (10th Cir. 2004). However, we have jurisdiction in this case because the District Court unambiguously stated that it lacked discretion to depart downward, and a District Court's statement that it lacks the authority to depart downward is sufficient to permit us to review its decision. *See id*. (recognizing that this Court "may exercise jurisdiction . . . in the very rare circumstance that the district court states that it does not have any authority to depart . . . for the entire class of circumstances proffered by the defendant").

B.      Standard of Review

The District Court's interpretation of the Sentencing Guidelines is reviewed de novo. *Sheehan*, 371 F.3d at 1216. However, de novo review is only appropriate if the issue was properly raised below. *United States v. Ruiz-Gea*, 340 F.3d 1181, 1185 (10th Cir. 2003). Failure to raise the issue below results in review for plain error. *Id*.

C.      Downward Departures for "Diminished Capacity"

Though mental and emotional conditions are not ordinarily relevant in determining whether a downward departure is warranted, *see* U.S.S.G. § 5H1.3, Chapter 5, Part K, Subpart 2 of the Guidelines provide for certain exceptions, *see id.* The relevant portions of the Guideline provisions at issue in this appeal provide the following: Section 5K2.13 establishes a "Diminished Capacity"

departure, which allows a downward departure for defendants "suffering from a significantly reduced mental capacity" that "contributed substantially to the commission of the offense." U.S.S.G. § 5K2.13. Section 5K2.0 states that mental and emotional conditions of the defendant not otherwise accounted for "may be relevant to [sentencing] only if such offender characteristic or other circumstance is present to an exceptional degree." U.S.S.G. § 5K2.0.

In Mr. Miller's motion for downward departure and at the sentencing hearing, he argued that § 5K2.13 applies to cases where a "significantly reduced mental capacity" contributed to the commission of the offense, while § 5K2.0 applied to all cases where a reduced mental capacity is "present to an exceptional degree"–including cases where the condition contributed to the commission of the offense. Mr. Miller argued that his reduced mental capacity, which contributed to the commission of the offense, is "not merely 'significant.' It is statistically 'exceptional'" and therefore he is eligible for a downward departure under § 5K2.0.

The District Court rejected Mr. Miller's argument. Without Tenth Circuit authority on point, it found that § 5K2.13 and § 5K2.0 are mutually exclusive provisions – that is, § 5K2.13 governs all cases in which reduced mental capacity, no matter how severe, contributed to commission of the offense, while § 5K2.0 applies only when the defendant's mental state is exceptional but it did not

contribute to the commission of the offense. Therefore, because Mr. Miller argued that his exceptional condition contributed to the commission of his offense, the District Court found that it had no authority to grant a departure under § 5K2.0. [1]

Two months after Mr. Miller's sentencing hearing, we addressed this issue in *Sheehan* . We held that "departures pursuant to U.S.S.G. § 5K2.13 are a subset of departures allowed under § 5H1.3 based on mental and emotional conditions. While *other* departure requests based on mental and emotional conditions may be governed by § 5K2.0, diminished capacity claims are governed *solely* by § 5K2.13." *Sheehan,* 371 F.3d. at 1218 (emphasis added). We held that a district court has "no discretion to depart pursuant to § 5K2.0 based on diminished capacity when such a departure was prohibited by the terms of § 5K2.13." *Id*. at 1218-19. In other words, a defendant claiming that his reduced mental capacity contributed to the commission of his offense may not circumvent the limitations of § 5K2.13 by invoking § 5K2.0. *Id*. at 1217. In this case, therefore, the District Court properly rejected Mr. Miller's motion for downward departure pursuant to § 5K2.0.

---

[1]The District Court also found that a downward departure was not warranted under § 5K2.13 because Mr. Miller's offense involved actual violence and his criminal history indicated a need to incarcerate him to protect the public. Mr. Miller has not appealed these findings of fact.

Contending with this precedent on appeal, Mr. Miller now argues that the District Court misconstrued his argument below. He claims that his argument was that his exceptional condition will somehow affect his punishment. Specifically, he argues that his reduced mental capacity will cause him to be vulnerable to victimization and that he will likely need to be segregated from the general prison population. Because this is a proper basis for a downward departure under § 5K2.0, Mr. Miller argues, the District Court erred in finding that it had no discretion to depart from the Guidelines.

Despite Mr. Miller's argument to the contrary, he did not raise this circumstances-of-punishment issue to the District Court. The record reveals that the only ground presented for Mr. Miller's motion for downward departure was the fact that his reduced mental capacity contributed to the commission of the offense. In fact, the District Court expressly stated that diminished capacity was "the only avenue" for downward departure argued by Mr. Miller. At the sentencing hearing, Mr. Miller emphasized how his mental condition reduced his culpability and "being able to reason, being able to foresee consequences of your conduct, goes to the heart of ethical and moral culpability . . . and is directly related to his commission of this offense." Thus, the record clearly reflects the fact that Mr. Miller's sole argument for downward departure was based on his diminished capacity in committing the offense.

Nevertheless, Mr. Miller points to a psychologist's report that states that his mental disorders "increase his vulnerability and the likelihood of victimization." Again, Mr. Miller did not move for downward departure on this basis below and the District Court has no duty to infer legal arguments from facts in the record. *Cf. United States v. Chavez-Marquez*, 66 F.3d 259, 262 (10th Cir. 1995) (recognizing that a district court has no duty to "propose legal theories sua sponte and rule on them").

Because Mr. Miller did not raise his circumstances-of-punishment argument below, we review the District Court's failure to consider a departure on these grounds pursuant to § 5K2.0 for plain error. *Ruiz-Gea*, 340 F.3d at 1185. Resolution of whether a downward departure is warranted under § 5K2.0 turns on factual contentions. A factual dispute concerning the applicability of a particular guideline not brought to the attention of the district court does not rise to the level of plain error. *United States v. Yarnell*, 129 F.3d 1127, 1137-38 (10th Cir. 1997). Accordingly, Mr. Miller is not entitled to relief from the District Court's failure to consider a downward departure based on the impact his mental health conditions might have on the circumstances of his incarceration.

## III. CONCLUSION

Finding no plain error, we AFFIRM the District Court's decision denying

Mr. Miller's motion for downward departure.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge