**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**August 31, 2007**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KYLE MINCHEY,

Defendant-Appellant.

No. 06-4299

(D. of Utah)

(D.C. No. 2:05-CR-546-DB)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Kyle Minchey pleaded guilty to one count of possession of stolen firearms in violation of 18 U.S.C. § 922(j). Based on an offense level of 21 and a criminal history of VI, Minchey fell within a sentence range of 77–96 months pursuant to the United States Sentencing Guidelines (USSG). Minchey sought a downward departure based on "diminished capacity" under USSG §5K2.13. The district

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

court denied the motion and sentenced Minchey to a term of 86 months. Minchey timely appealed (1) the denial of the downward departure and (2) the reasonableness of his sentence under 18 U.S.C. § 3553(a). We AFFIRM.

## I. Background

Minchey was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and for knowing possession of a stolen firearm in violation of 18 U.S.C. § 922(j). He pleaded guilty to the second count, admitting that he possessed a Magnum revolver, a shotgun, and two rifles, which he knew were stolen. At his change of plea hearing, Minchey requested a psychological examination pending sentencing.

A Presentence Report (PSR) was prepared which related the following: On May 15, 2005, police were called to investigate a residential burglary at the home of Minchey's parents-in-law. Four firearms, some cash, and a set of car keys had been stolen. Minchey was subsequently stopped in the vehicle owned by his in-laws and later told the officers where the firearms were hidden. The PSR calculated a base offense level of 20 and four enhancements for involvement of more than three firearms and a stolen firearm. After a downward adjustment for acceptance of responsibility, the PSR arrived at a total offense level of 21, yielding a guideline range of imprisonment of 77–96 months.

Minchey's criminal history included adult convictions of 12 separate theft, drug possession, and forgery-related offenses that yielded a criminal history category of VI. Other charges for drug possession and receiving stolen property were pending at the time. The PSR also noted that, three years before, Minchey had been diagnosed by Salt Lake County Jail medical personnel as schizophrenic and had taken medication for that condition as well as depression. The PSR recommended Minchey be required to complete a substance abuse program as well as to receive treatment for his mental illness. Finally, the PSR noted that the maximum term of imprisonment for Minchey's offense was ten years.

Before sentencing, Minchey filed a motion for a downward departure for significantly reduced mental functioning in support of which he submitted the results of a psychological examination. The report suggested that Minchey's "historical experiences of mental illness including paranoid schizophrenia symptoms may have contributed to [his] perceived need to procure weapons as a means of self-protection." Supp. App. at 4. Minchey argued the report supported a causal connection between his mental illness and his crime, thus entitling him to a downward departure under § 5K2.13. The government objected to the motion at sentencing based on its view that any mental illness on Minchey's part nevertheless did not cause him to commit the crime. R. Vol. III at 4.

At sentencing, the district court denied Minchey's motion to depart and sentenced him to 86 months incarceration, within the suggested guideline range.

## II. Discussion

*1.    Denial of Downward Departure*

Minchey argues the district court erred in denying his motion for a downward departure under USSG § 5K2.13, which allows a sentence below the applicable guidelines range when the defendant has significantly reduced mental capacity.[1]    After considering family letters sent on Minchey's behalf, the results of a psychological examination, and the testimony of the parties at sentencing, the district court denied Minchey's motion to depart and sentenced him to 86 months imprisonment.  R. Vol. III at 3, 9.

We lack jurisdiction to review a sentencing court's refusal to depart downward from the guidelines, absent a clear misunderstanding by the court of its discretion to depart.  *See*, *e.g.*, *United States v. Chavez-Diaz*, 444 F.3d 1223, 1228 (10th Cir. 2006); *United States v. Brown*, 316 F.3d 1151, 1154 (10th Cir. 2003). The only exception arises if the district court refuses to depart based on a false belief that it lacks the authority to do so "for the entire class of circumstances

---

[1]   Section 5K2.13 allows "[a] sentence below the applicable guideline range" if "(1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense."  USSG §5K.13.

-4-

proffered by the defendant." *United States v. Sheehan*, 371 F.3d 1213, 1215–16 (10th Cir. 2004) (concluding we could review the denial of a departure under USSG §5K2, but only because "the district court unambiguously stated it had no discretion to depart . . . based on a defendant's diminished capacity.").

While the district court in this case did not elaborate on its rationale for denying the motion to depart, it also never betrayed a false belief that it lacked authority to depart for the "class of circumstances proffered," namely mental illness. It made clear, moreover, that the results of the psychological exam were considered but exercised its discretion to deny the motion nevertheless.[2]

## 2.     *Reasonableness of Sentence*

Minchey also challenges the reasonableness of his sentence. In light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), we continue to have jurisdiction to review a sentence for reasonableness. *Chavez-Diaz*, 444 F.3d at 1229.

We review the district court's sentence for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). The district court has significant discretion in

---

[2] Specifically, the court stated it "has reviewed the psychological evaluation in connection with this sentencing and taken that into consideration as well." R. Vol. III at 3. In ruling on the motion, the court simply stated that it "denies the motion for the downward departure." *Id.* at 9.

sentencing, and our review for reasonableness, regardless of whether the sentence falls inside or outside of the advisory guidelines, is a review for abuse of discretion. *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007); *see also United States v. Garcia-Lara*, No. 06-3054, 2007 WL 2380991, at *4 (10th Cir. Aug. 22, 2007).

In this case, the district court sentenced Minchey within the guidelines range and Minchey does not claim that the guidelines range itself was improperly calculated. The binding precedent of our court is that "a sentence that is properly calculated under the guidelines is entitled to a rebuttable presumption of reasonableness." *Kristl*, 437 F.3d at 1054. *See also United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1203 (10th Cir. 2007). The Supreme Court has recently affirmed our application of the presumption of reasonableness to within-guidelines sentences, holding that the presumption is permissible but not required. *Rita v. United States*, 127 S. Ct. 2456, 2459 (2007).

Nevertheless, the presumption of reasonableness "is a deferential standard that either the defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Kristl*, 437 F.3d at 1054. These factors include "the nature of the offense and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, to provide adequate deterrence, to protect

the public, and to provide the defendant with needed training or treatment." *Id.* at 1053. Moreover, the Supreme Court has emphasized the district court's duty to show it has considered these factors in reaching the sentence imposed. *Rita*, 127 S. Ct. at 2468 ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). But the Court also made clear that a district judge is not required to give an exhaustive list of reasons. *Id.* ("The law leaves much, in this respect, to the judge's own professional judgment.").

In this case, Minchey does not challenge the fact that many of the § 3553(a) factors weighed against him, including his excessive criminal history, the seriousness of his offense, the need for the sentence to deter him from similar conduct in the future, as well as his need for treatment for drug abuse and mental health issues. Rather, he claims the district court "did not consider the mitigating factors [namely, the results of his psychological examination] that Mr. Minchey presented at sentencing as required by 18 U.S.C. § 3553(a)." Aplt. Br. at 21–22. He adds that it is "clear that the district court did not consider any of the considerations raised in the downward departure motion independently in determining the reasonableness of the sentence." *Id.* at 23.

But the record belies this claim. At sentencing, the district court noted:

I have received a number of letters on the defendant's behalf, from his mother and from his ex-wife, and they are very thoughtful letters and I appreciate receiving them. . . . *I have also reviewed a psychological examination in connection with this sentencing and taken that into consideration as well.*

R. Vol. III at 3 (emphasis added). The district court was thus explicit that it had considered Minchey's psychological profile *in connection with its sentencing decision.* Additionally, the terms of the sentence imposed reflect the court's consideration of Minchey's history of mental illness and drug abuse. Specifically, the court ordered Minchey to participate in a drug and alcohol rehabilitation program as well as a mental health treatment program. R. Vol. III at 9. Minchey's claims that the district court failed to consider his mitigating factors in imposing his sentence are simply unfounded.

### III. Conclusion

For the foregoing reasons, the district court's sentence is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge