FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 7, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL WAYNE ELLIS,

Defendant - Appellant.

No. 17-4097
(D.C. Nos. 2:16-CV-00484-DAK &
2:01-CR-00411-DAK-1)
(D. Utah)

_____

**ORDER**
_____

Before **HOLMES**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

The issue in this appeal involves the timeliness of Mr. Michael Wayne Ellis's motion to vacate his sentence. The district court dismissed the motion on the ground that the limitations period had expired. Mr. Ellis wants to appeal; to do so, he requests a certificate of appealability and initial consideration en banc. We deny the request for a certificate, dismiss the appeal, and deny the request for initial consideration en banc as moot because absent the grant of a certificate we do not have jurisdiction over the merits of this appeal.

Mr. Ellis committed the offense in 2001; at that time, the United States Sentencing Guidelines were considered mandatory. *See, e.g.*, *Burns v. United States*, 501 U.S. 129, 133 (1991), *abrogated on other grounds,*

*Dillon v. United States,* 560 U.S. 817, 820-21 (2010). These guidelines treated an offense as a crime of violence if the offense created "a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2) (2001).[1] (This provision is commonly known as the "residual clause.")

The guidelines are now considered advisory rather than mandatory. *See United States v. Booker*, 543 U.S. 220, 237–39 (2005). After they became advisory, the Supreme Court rejected a vagueness challenge to the guidelines' residual clause. *Beckles v. United States*, 137 S. Ct. 886, 890, 892, 894–95 (2017). But the Supreme Court has not squarely addressed a vagueness challenge to the guidelines when they were considered mandatory. *See id.* at 903 n.4 (Sotomayor, J., concurring).

Mr. Ellis contends that given the mandatory nature of the guidelines in 2001, their residual clause should be subject to a vagueness challenge. For this contention, Mr. Ellis likens the guidelines' residual clause to an identical statutory clause in the Armed Career Criminal Act (18 U.S.C. § 924(e)(2)(B)(ii)), which was struck down in *Johnson v. United States* as unconstitutionally vague. 135 S. Ct. 2551, 2563 (2015).

To raise this contention on appeal, Mr. Ellis needs a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). This

---

[1] The sentencing court used the 2001 version of the guidelines.

certificate is available only if Mr. Ellis shows that reasonable jurists could debate the correctness of the district court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). We conclude that Mr. Ellis has not made this showing.

A motion to vacate the sentence is ordinarily due one year from when the judgment became final. 28 U.S.C. § 2255(f)(1). An exception exists when the defendant relies on a new rule of constitutional law that has been deemed retroactive to cases on collateral review. 28 U.S.C. 2255(f)(3). Mr. Ellis invokes this exception here based on *Johnson*. Though *Johnson* did not address the sentencing guidelines, our later opinion in *United States v. Greer* did, holding that *Johnson* had not set out a new constitutional rule applicable to the guidelines when they were considered mandatory. 881 F.3d 1241, 1247–49 (10th Cir.), *cert denied*, 139 S. Ct. 374 (2018).

The defendant argues that *Greer* was abrogated by *Sessions v. Dimaya*. In *Dimaya*, the Supreme Court applied *Johnson* to the definition of a "crime of violence" in 18 U.S.C. § 16(b). *Sessions v. Dimaya*, 138 S. Ct. 1204, 1213–16 (2018). But after the Supreme Court decided *Sessions v. Dimaya*, we reiterated in *United States v. Pullen* that *Johnson* had not created a new rule of constitutional law applicable to the mandatory guidelines. *United States v. Pullen*, 913 F.3d 1270, 1284 n.17 (10th Cir.

3

2019), *petition for cert. filed* (U.S. July 17, 2019) (No. 19-5219). So *Dimaya* does not allow Mr. Ellis to invoke § 2255(f)(3) based on *Johnson*.

Given our decisions in *Greer* and *Pullen*, we start the one-year period of limitations from the date on which the conviction became final, not from the date on which *Johnson* was decided. Applying this limitations period, any reasonable jurist would conclude that Mr. Ellis's motion to vacate was untimely.

Mr. Ellis's sentence became final in 2004. *United States v. Ellis*, 100 F. App'x 824, 825, 827 (2004) (unpublished). He then had one year to move to vacate his sentence; but he waited roughly eleven years, missing the limitations period by about ten years. Because Mr. Ellis's motion was indisputably untimely, we (1) decline to issue a certificate of appealability, (2) dismiss the appeal, and (3) deny the request for initial consideration en banc as moot because absent the grant of a certificate we do not have jurisdiction over the merits of this appeal.

Entered for the Court


Per Curiam

*United States v. Ellis,* No. 17-4097, Bacharach, J., dissenting.

I agree with the majority that Mr. Ellis's claim fails under *Greer* and *Pullen*. But I believe that Mr. Ellis has satisfied the low threshold for a certificate of appealability.

As the majority explains, the issue for a certificate is whether "reasonable jurists could debate the correctness of the district court's ruling." Maj. Order at 3 (citing *Slack v. McDaniel*, 529 U.S. 483–84 (2000)). In my view, reasonable jurists could consider the underlying issue debatable if presented to the en banc court.[1] *See United States v. Crooks*, 769 F. App'x 569, 571-72 (10th Cir. 2019) (unpublished) (granting a certificate of appealability on the same issue);[2] *see also Jordan v. Fisher*, 135 S. Ct. 2647, 2651 (2015) (Sotomayor, J., dissenting from the denial of cert.) (arguing that the Fifth Circuit should have granted a certificate of appealability, though the claim was foreclosed by a Fifth Circuit

---

[1]     Mr. Ellis has requested an initial en banc, which we can consider only upon the issuance of a certificate of appealability. Even if this request is denied, however, Mr. Ellis should at least have an opportunity to seek rehearing en banc, where he could urge reconsideration of the holding in *Greer* or *Pullen*. As an en banc court, we might or might not decide to revisit these issues. But Mr. Ellis cannot even ask us to convene as an en banc court in the absence of a certificate of appealability. Thus, denial of a certificate effectively prevents Mr. Ellis from asking the en banc court to revisit the holding in *Greer* or *Pullen*.

[2]     We also granted a certificate of appealability on this issue in *United States v. Ford*, No. 17-1122, slip op. at *3 (10th Cir. Aug. 8, 2019).

precedent, because judges elsewhere had found the same claim reasonably debatable).[3] I would thus grant a certificate of appealability and affirm the dismissal of Mr. Ellis's motion to vacate his sentence.

[3] I do not suggest that we should grant a certificate of appealability based solely on the fact that judges in our court have granted certificates on the same issue. *See Griffin v. Sec'y*, 787 F.3d 1086 (11th Cir. 2015). "If the fact that one or more judges had granted a [certificate of appealability] on an issue, or even concluded that the issue had merit, required all other judges to grant a [certificate of appealability] on the issue, the standard would be transformed from objective to subjective. It is not a subjective standard." *Id.* at 1095. I simply note that

- some judges in our court have regarded the same issue reasonably debatable even after *Greer* and *Pullen*,

- the en banc court need not be constrained by *Greer* or *Pullen*,

- Mr. Ellis has already asked for en banc consideration and, if we were to grant a certificate, he could ask again after issuance of the panel's order.